### AMERICAN LITHOGRAPHIC CO. v. RICKERT.

(Supreme Court, Appellate Term.   June 5, 1908.)

SALES—PAYMENT—EVIDENCE—RELEVANCY.

In an action for goods sold, the defense being payment, defendant offered statements and receipts purporting to be signed by plaintiff per L. N. R., and H. N. Fiske. Mr. Fiske, who had been with plaintiff 15 years, then called by defendant, would not identify the receipt, could not at first recall who "L. N. R." was, but then said there was a bookkeeper, L. N. Rainey, with plaintiff. His testimony showed considerable familiarity with the transactions in question, and defendant endeavored to prove by him his acts for plaintiff as to making contracts, terms of payment and receipts of money. S., sales manager of plaintiff, called by defendant, was asked about conversations with one of defendant's officers concerning the transaction in question and payments. All this was excluded. Held· error, as the proof might have tended to show the authenticity of the receipts.

Appeal from City Court of New York, Trial Term.

Action by the American Lithographic Company against Thomas A. Rickert, as president of the United Garment Workers of America. From a judgment for plaintiff, entered by direction of the court, defendant appeals. ·Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Max D. Steuer (D. L. Podell, of counsel), for appellant.

James S. Lehmaier (William W. Pellet, of counsel), for respondent.

PER CURIAM. Defendant appeals from a judgment of the City Court for $815.64 on a verdict by direction of the court. Action brought for agreed price and reasonable value of lithographic inserts. The only defense was payment.

Defendant offered in evidence statements and receipts purporting to be signed by the plaintiff, per L. N. R., and H. N. Fiske, showing payments aggregating $1,936.45. These were excluded, and marked for identification. Mr. Fiske, called by defendant, who had been with plaintiff 15 years, would not identify these receipts; could not at first recall who "L. N. R." was; then that there was a lady· bookkeeper, L. N. Rainey, with plaintiff. His testimony showed considerable familiarity with the transactions in question, and defendant's counsel· endeavored to prove by him his acts for the plaintiff as to making contracts, terms of payment, and receipts of money. All of this evidence was excluded under exception. Mr. Sweete, sales manager of the plaintiff, was called by defendant and asked about conversations with one of defendant's officers concerning this transaction and payments. All this evidence was excluded under ex-

ception. Defendant's counsel asked leave to withdraw a juror, which was denied, and a verdict for plaintiff directed. In the circumstances, a motion by defendant for leave to go to the jury would have been "idle ceremony." The rulings of the court had excluded proof that might have tended to show the authenticity of the receipts offered in evidence. The exceptions taken by the defendant to the exclusion of the line of examination sought from these hostile witnesses is sustained by numerous authorities.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DAYTON and GERARD, JJ., concur. GILDERSLEEVE, P. J., taking no part.